STATE *vs.* INTOXICATING LIQUORS.

SAMUEL FARMER, CLAIMANT.

Franklin. Opinion February 8, 1893.

*Evidence. Witness. Intoxicating Liquors. Libel. Issue. R. S., c. 27.*

The credibility of a witness, upon whose testimony in part the issue is to be determined, is not regarded as collateral nor as immaterial.

A material fact testing his credibility, may be contradicted by the opposing party, although called out by his cross-examination.

Upon a libel against intoxicating liquors deposited and kept for illegal sale the issue, as made up by the pleadings under the statutes, is whether the claimant owned the liquors and had no intent to sell them in violation of law at the time when the complaint was made.

The search, seizure and confiscation provisions of R. S., c. 27, are aimed at the present condition of the liquors and the present intent of the keeper, and not of the past.

ON EXCEPTIONS.

This was a libel for the condemnation of certain intoxicating liquors seized upon warrant in the hotel and annex of Samuel Farmer, the claimant, in Phillips. The verdict was for the State ; and the defendant excepted to the exclusion of testimony and a portion of the charge of the presiding justice, as stated in the opinion.

*F. E. Timberlake*, County Attorney, for the State.
*H. L. Whitcomb and J. C. Holman*, for claimant.

LIBBEY, J.    Two points are raised by the defendant's exceptions.

1. The exclusion of Arthur Merrill as a witness. Laura F. Turner was called by the State and testified that she occupied a room next to room ten in the claimant's hotel, in which latter room part of the liquors were found, "and at various times before the seizure had heard Samuel Farmer in room ten, with different persons, talking about liquors and prices." On cross-examination she was asked by claimant if she could name any persons so heard in room ten, and answered she could. She was then asked to give some names. In answer she gave the name of Arthur Merrill of Phillips, as one of the persons she had heard in that room.

In his defense the claimant called said Arthur Merrill and asked him if he was ever in said room ten. This question was objected to by the county attorney on "the ground that the name of Merrill was called out by the claimant himself, from Mrs. Turner, and he could not now contradict her answer." The court sustained the objection and excluded the evidence. We think the question was competent. The question put to the witness

VOL. LXXXV.    20

Turner, was proper and relevant. It related to the subject matter of her testimony. It did not call out a collateral and irrelevant fact, and the answer was not conclusive on the claimant. Testimony of Merrill that he was never in room ten might have some tendency to impair the credit of Mrs. Turner.

2. To the instructions of the judge to the jury.

The claimant contended that the State must show that, at the time the complaint and warrant for search were made, he then had the intent that the liquors should be sold in violation of law, —that it was not sufficient for the State to show that at some previous time the liquors had been deposited or kept for such sale,— if before the search the owner had changed his mind, and at the time of the complaint and search, had no intention to sell the liquors. In reference to this contention, the presiding justice instructed the jury as follows :

"Now the issue is as to whether or not these particular liquors described in this libel and seized by the officer, and now in his possession, were kept and deposited at that hotel in Phillips with the intent that the same should be sold in violation of law. The State says that they were ; Mr. Farmer, the claimant of them, says that they were not.

"You have heard it said to you by the defendant's counsel that the government must prove that they were intended for sale by the owner of them, at the precise moment when the officer swore out the complaint. He contends, if I understand him, that, whatever may have been the intent before that,— one hour before that, or a day before that, or a week before that, or whenever they were deposited there,— unless the owner, at the moment of the complaint being made for the search and seizure, then had the intent to sell them,— the prosecution fails and the liquors are free from any blame. I cannot assent to that proposition. I do not think it is the law. I do not think that the people of this State are bound to prove that, at the precise moment the liquors were seized, the owner of them then intended, or had the intent, to sell them contrary to law. It may be that the owner at that moment had no intent at all ; it may be that he had forgotten all about them,— had forgotten that they were there, perhaps ;

at the precise moment he may have been thinking of something; else,—may have been thinking of some matter of business. To my mind, gentlemen, when the liquors are once corrupted, once tainted, by being deposited and kept for unlawful sale, they cannot become sweet and pure again, and free from this taint and corruption imposed upon them by the law, by the simple fact that the owner has become frightened and concluded that it is not safe to sell.

"Therefore, I give you the rule in this case that, if these liquors which were libelled and seized according to this process, within six years were deposited in that hotel and kept in that hotel with the intent that the same should be sold in this State in violation of law, they then and there became tainted and corrupted, and then and there became contraband, and forfeited to this State."

Under the rule of law very clearly and tersely stated in the last clause, it was the duty of the jury to find in favor of the State, if satisfied that the claimant five years before the liquors were seized had the intention to sell them in this State in violation of law, although the evidence satisfied them that immediately thereafter he determined to abandon the business and make no more sales and has adhered to that intention, making no sales for the five years before the seizure, and had kept the liquors for his own lawful uses.

We think this instruction to the jury was not sound law. The search, seizure and confiscation provisions of R. S., ch. 27, are aimed at the present condition of the liquors and the present intent of the keeper and not of the past.   So held by this court in *State* v. *Howley*, 65 Maine, 100 ; and affirmed in *State* v. *Dunphy*, 79 Maine, 104.

A complaint under said statute made on the first day of January, 1892, which after describing the place to be searched alleges that the liquors therein kept were intended to be sold in this State in violation of law, on the first day of January, 1887, would be clearly bad.

When the liquors seized are libelled, and claimed by a claimant, the issue made up by the pleadings under the statute, is

whether the claimant owns them and had no intent to sell them in violation of law when the complaint was made.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.